IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN MICHAEL CUMMINS,           )
                                )
      Petitioner,               )
                                )
v.                              )     Civil Action No. 3:23-cv-445-HEH
                                )
NELSON SMITH,                   )
                                )
      Respondent.               )

**MEMORANDUM OPINION**
(Denying Amended Motion to Dismiss)

John Michael Cummins ("Petitioner"), proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1). Petitioner is currently civilly committed to the custody of the Department of Behavioral Health and Developmental Services ("DBHDS") as a Sexually Violent Predator ("SVP"), pursuant to the Sexually Violent Predators Act, Va. Code Ann. § 37.2–900, *et seq.* Respondent has moved to dismiss.[1] (Am. Mot. to Dismiss, ECF No. 17.) Petitioner has responded. For the reasons that follow, the Amended Motion to Dismiss (ECF No. 17) will be DENIED.

### I. Pertinent Procedural History

The Supreme Court of Virginia aptly summarized the relevant procedural history in its opinion denying Petitioner's state petition for a writ of habeas corpus:

> In 2013, petitioner pled guilty pursuant to a written plea agreement to object penetration, aggravated sexual battery, and two counts of indecent liberties. Petitioner was sentenced in accordance with the plea agreement to an indeterminate sentence in the Department of Juvenile Justice for object

---

[1] Respondent asserts that Nelson Smith, the Commissioner of the DBHDS is the proper Respondent. (Am. Mot. to Dismiss at 1 n.1.) Accordingly, Nelson Smith will be substituted as the Respondent.

penetration, five years' imprisonment for aggravated sexual battery, and twelve months' imprisonment on each count of indecent liberties. The trial court suspended the sentences upon certain conditions that included a ten-year period of good behavior and indeterminate probation beginning upon his release from confinement. In 2014, petitioner was released from confinement. Thereafter, petitioner violated his probation by being present with a minor child in his home and the court revoked and re-imposed a one-year active sentence.

In 2017, prior to petitioner's release, the Commonwealth filed a petition to civilly commit petitioner as a sexually violent predator (SVP). Petitioner stipulated he met the criteria as a SVP and should be civilly committed. Petitioner was committed to the custody of the Department of Behavioral Health and Developmental Services (DBHDS).

On April 19, 2021, the circuit court conducted an annual review of petitioner's civil commitment as required by Code § 37.2-910. Reports from two experts were submitted that included the experts' diagnoses of petitioner's multiple mental abnormalities or personality disorders and both experts opined that petitioner may be an appropriate candidate for conditional release. The court questioned the experts about petitioner's risk factors, treatment progress, and statements in the reports the court viewed as inconsistent. The court found petitioner posed too great a risk to children and the community and concluded he remained a SVP who did not meet the criteria for conditional release. Petitioner was recommitted to the custody of DBHDS. Petitioner did not appeal the recommitment order to this Court, and he now challenges the legality of his detention pursuant to this recommitment.

In his sole claim, petitioner contends the circuit court should have granted him conditional or unconditional release at his annual review because he does not meet the statutory or "constitutional requirements" to be committed as a SVP. Petitioner states he is no longer a risk to others and all parties agreed he should be released, but the court denied his request.

The Court holds this claim is barred because this non-jurisdictional issue could have been raised during the direct appeal process and, thus, is not cognizable in a petition for a writ of habeas corpus. *Slayton v. Parrigan*, 215 Va. 27, 29 (1974).

(ECF No. 18-8, at 1–2.)

On July 3, 2023, Petitioner executed and presumably placed his § 2254 Petition in the institutional mail system for mailing to this Court.[2] (§ 2254 Petition at 14.) Petitioner seeks relief on the following grounds:

| | |
|---|---|
| Claim One | Ineffective Assistance of Counsel.<br>(a) Counsel was ineffective when he stipulated at Petitioner's interim hearing that Petitioner was a SVP, even though Petitioner "wanted to strongly argue [his] not being a SVP." (ECF No. 1-1, at 9);<br>(b) Counsel failed to oppose or "put up any kind of defense" to support the notion that Petitioner was suitable subject for conditional release, (*id.*); and,<br>(c) Counsel failed to file an appeal as directed, (*id.*). |
| Claim Two | Petitioner does "not meet the constitutional or statutory threshold to be committed or classified as a sexually violent predator and even if one was to classify [him] as an SVP," he is "safe enough to be conditionally released." (*Id.* at 11–12.) |

Respondent argues that Claim One (b), Claim One (c), and Claim Two are procedurally defaulted.[3] (Brief in Supp. at 7–8, ECF No. 18.) Respondent further argues that Claim One (b) and Claim One (c) fail on the merits, (*id.* at 9–14), and Claim Two merely presents a question of state law, (*id.* at 14–18). As explained below, in their current form, these arguments for dismissal are unpersuasive.

## II. Analysis

Respondent has failed to address several principles relevant to whether this Court can dismiss Petitioner's claims.

---

[2] The Court deems the petition filed as of that date. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[3] Respondent does not appear to acknowledge Claim One (a) or explain why it should be dismissed.

3

### A. Claim One (a)

In Claim One (a), Petitioner contends that although he wanted to oppose his designation as a SVP, his attorney stipulated that he was a SVP. (ECF No. 1-1, at 9.) In its filings, Respondent does not directly address this claim, and Respondent does not discuss whether this claim is distinguishable from the facts in *Mccoy v. Louisiana*, 584 U.S. 414, 423 (2018) (citations omitted) ("When a client expressly asserts that the objective of '*his* defence' is to maintain innocence of the charged criminal acts, his lawyer must abide by that objective and may not override it by conceding guilt."). In short, at this juncture Respondent has failed to show that Petitioner's Claim One (a) must be dismissed.

### B. Procedural Default

Next, Respondent asserts that Claim One (b) and Claim One (c) are defaulted because Petitioner failed to raise them in his state petition for a writ of habeas corpus to the Supreme Court of Virginia. Claim One (b) and Claim One (c) raise claims of ineffective assistance of state trial counsel. The Supreme Court has stated:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez v. Ryan*, 566 U.S. 1, 17 (2012). Here, it appears that a state habeas was the first opportunity for Petitioner to raise Claim One (b) and Claim (c), and Petitioner did not have the assistance of counsel. Further, Petitioner asserts that the failure of trial counsel to file an appeal is cause to excuse his default of Claim Two. Although the principles in

4

*Martinez v. Ryan* may not apply to the exact facts here, these issues have not been addressed by Respondent. *Id.* Accordingly, at this juncture, Respondent has not shown that Plaintiff's claims must be dismissed on procedural grounds.

### C. Merits

In Claim One (c), Petitioner faults counsel for failing to file an appeal. Respondent asserts that his claim should be dismissed because Petitioner cannot demonstrate that he was prejudiced because he cannot show that he would have prevailed on his appeal. This is not the correct standard. The Supreme Court has stated, "it is unfair to *require* an indigent, perhaps *pro se*, defendant to demonstrate that his hypothetical appeal might have had merit . . . . Rather, we require the defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed." *Roe v. Flores-Ortega*, 528 U.S. 470, 486 (2000). Thus, "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.* at 484. Respondent has not adequately addressed why, under the appropriate governing legal principles, Claim One (c) should be dismissed.

In Claim Two, Petitioner contends that he does "not meet the constitutional or statutory threshold to be committed or classified as a sexually violent predator and even if one was to classify [him] as an SVP," he is safe enough to be conditionally released. (ECF No. 1-1, at 11–12.) Respondent asserts that because "no violation of federal law is alleged, this Court does not have jurisdiction to review these claims." (Brief in Supp. at

5

16.) Respondent argues that this claim must be dismissed because "whether there was sufficient evidence for the court to find that he remained a sexually violent predator based on his progress in treatment and his conduct and whether he required inpatient treatment or was suitable for conditional release, which is clearly a sufficiency question under state law." (*Id.* at 15.) However, in the context of criminal convictions, the United States Court of Appeals for the Fourth Circuit has stated:

> Any challenge to the sufficiency of the evidence to convict in a state prosecution is necessarily a due process challenge to the conviction. *Jackson v. Virginia*, 443 U.S. 307, 321 (1979); *In re Winship*, 397 U.S. 358, 364 (1970). The fact that West did not couch his objections and challenges in state court in specific constitutional terms is of no consequence; it is not necessary to cite "book and verse on the federal constitution" so long as the constitutional substance of the claim is evident.

*West v. Wright*, 931 F.2d 262, 266 (4th Cir. 1991) (parallel citation omitted) (citing *Picard v. Connor*, 404 U.S. 270, 278 (1971); *Hawkins v. West*, 706 F.2d 437, 439 (2d Cir. 1983)), *rev'd on other ground.*, 505 U.S. 277 (1992). At this juncture, Respondent has not adequately distinguished this line of authority or explained why this claim should be dismissed.

### D. Statute of Limitations

Rule 5(b) of the Rules Governing Section 2254 Petitions in United States District Courts requires Respondent to address whether any of the claims in the § 2254 Petition are barred by the relevant statute of limitations. Although Respondent failed to do so, the Court retains the ability to raise the issue *sua sponte* after giving the petitioner notice and an opportunity to respond. *Hill v. Braxton*, 277 F.3d 701, 706 (4th Cir. 2002). The Court does so now.

Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year limitations period for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). This statute of limitations applies to Virginia detainees challenging their civil commitment as SVPs. *See Ballard v. Cuccinelli*, No. 3:10CV524, 2011 WL 1827866, at *2 (E.D. Va. May 12, 2011).

The judgment that recommitted Petitioner as a SVP was entered on June 9, 2021. (ECF No. 18-1, at 2.) That judgment became final thirty (30) later, on July 9, 2021, when

7

Petitioner failed to file an appeal.[4] *See* Va. Sup. Ct. R. 5:9(a) (requiring a petitioner to file a notice for appeal within thirty days of the entry of judgment); *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) ("[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking review expires.").

The limitation period ran for 262 days before Petitioner filed his state petition for a writ of habeas corpus on March 29, 2022. *See* 28 U.S.C. § 2244(d)(2); (ECF No. 18-8, at 1.) The limitation began running again on November 19, 2022, the date after the Supreme Court of Virginia dismissed Petitioner's state petition for a writ of habeas corpus. (ECF No. 18-8, at 1–2.) The limitation period ran for another for another 226 days before Petitioner filed his § 2254 Petition. Thus, the one-year statute of limitations bars the § 2254 Petition unless Petitioner demonstrates that a belated commencement of the limitation period, or some equitable exception, renders the Petition timely.[5]

---

[4] *Givens v. Wilson*, No. 1:22CV943 (TSE/JFA), 2023 WL 2505488, at *4 (E.D. Va. Mar. 14, 2023) (commencing limitation period on date recommitment proceeding became final where petitioner's claims related to the recommitment proceedings).

[5] The Supreme Court has recognized actual innocence as a basis for overcoming the expiration of the statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (explaining that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations"). Petitioner, however, fails to direct the Court to any new, reliable evidence suggesting he is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

8

## III. Conclusion

For the reasons set forth above, Respondent's Amended Motion to Dismiss (ECF No. 17) will be denied. Nelson Smith will be substituted as the Respondent. Within thirty (30) days of the date of entry hereof, Petitioner will be DIRECTED to show cause why the present action is not barred by the relevant statute of limitations.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Sept. 24, 2024
Richmond, Virginia