IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN MICHAEL CUMMINS, )
)
Petitioner, )
)
v. ) Civil Action No. 3:23-cv-445-HEH
)
NELSON SMITH, )
)
Respondent. )

**MEMORANDUM OPINION**
**(Denying § 2254 Petition)**

John Michael Cummins ("Petitioner"), proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1). Petitioner is currently civilly committed to the custody of the Department of Behavioral Health and Developmental Services ("DBHDS") as a Sexually Violent Predator ("SVP"), pursuant to the Sexually Violent Predators Act, Va. Code Ann. § 37.2–900, *et seq*. By Memorandum Opinion and Order entered on September 24, 2024, the Court denied the Amended Motion to Dismiss and directed Petitioner to show good cause why the § 2254 Petition should not be dismissed as barred by the relevant statute of limitations. (ECF Nos. 24, 25.) Petitioner has responded. (ECF No. 26.) For the reasons set forth below, the § 2254 Petition will be denied as barred by the statute of limitations.

**I. Pertinent Procedural History**

The Supreme Court of Virginia aptly summarized the relevant procedural history in its opinion denying Petitioner's state petition for a writ of habeas corpus:

> In 2013, petitioner pled guilty pursuant to a written plea agreement to object penetration, aggravated sexual battery, and two counts of indecent

> liberties. Petitioner was sentenced in accordance with the plea agreement to an indeterminate sentence in the Department of Juvenile Justice for object penetration, five years' imprisonment for aggravated sexual battery, and twelve months' imprisonment on each count of indecent liberties. The trial court suspended the sentences upon certain conditions that included a ten-year period of good behavior and indeterminate probation beginning upon his release from confinement. In 2014, petitioner was released from confinement. Thereafter, petitioner violated his probation by being present with a minor child in his home and the court revoked and re-imposed a one-year active sentence.
>
> In 2017, prior to petitioner's release, the Commonwealth filed a petition to civilly commit petitioner as a sexually violent predator (SVP). Petitioner stipulated he met the criteria as a SVP and should be civilly committed. Petitioner was committed to the custody of the Department of Behavioral Health and Developmental Services (DBHDS).
>
> On April 19, 2021, the circuit court conducted an annual review of petitioner's civil commitment as required by Code § 37.2-910. Reports from two experts were submitted that included the experts' diagnoses of petitioner's multiple mental abnormalities or personality disorders and both experts opined that petitioner may be an appropriate candidate for conditional release. The court questioned the experts about petitioner's risk factors, treatment progress, and statements in the reports the court viewed as inconsistent. The court found petitioner posed too great a risk to children and the community and concluded he remained a SVP who did not meet the criteria for conditional release. Petitioner was recommitted to the custody of DBHDS. Petitioner did not appeal the recommitment order to this Court, and he now challenges the legality of his detention pursuant to this recommitment.
>
> In his sole claim, petitioner contends the circuit court should have granted him conditional or unconditional release at his annual review because he does not meet the statutory or "constitutional requirements" to be committed as a SVP. Petitioner states he is no longer a risk to others and all parties agreed he should be released, but the court denied his request.
>
> The Court holds this claim is barred because this non-jurisdictional issue could have been raised during the direct appeal process and, thus, is not cognizable in a petition for a writ of habeas corpus. *Slayton v. Parrigan*, 215 Va. 27, 29 (1974).

(ECF No. 18–8, at 1–2.)

2

On July 3, 2023, Petitioner executed and presumably placed his § 2254 Petition in the institutional mail system for mailing to this Court.[1] (ECF No. 1, at 14.) Petitioner seeks relief on the following grounds:

Claim One   Ineffective Assistance of Counsel.
(a) Counsel was ineffective when he stipulated at Petitioner's interim hearing that Petitioner was a SVP, even though Petitioner "wanted to strongly argue [his] not being a SVP." (ECF No. 1-1, at 9);
(b) Counsel failed to oppose or "put up any kind of defense" to support the notion that Petitioner was suitable subject for conditional release, (*id.*); and,
(c) Counsel failed to file an appeal as directed, (*id.*).

Claim Two   Petitioner does "not meet the constitutional or statutory threshold to be committed or classified as a sexually violent predator and even if one was to classify [him] as an SVP," he is "safe enough to be conditionally released." (*Id.* at 11–12.)

## II. Statute of Limitations

Rule 5(b) of the Rules Governing Section 2254 Petitions in the United States District Courts requires Respondent to address whether any of the claims in the 2254 Petition are barred by the relevant statute of limitations. Although Respondent failed to do so, the Court retains the ability to raise the issue *sua sponte* after giving the petitioner notice and an opportunity to respond. *Hill v. Braxton*, 277 F.3d 701, 706 (4th Cir. 2002).

Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year limitations period for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

---

[1] The Court deems the petition filed as of that date. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

3

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). This statute of limitations applies to Virginia detainees challenging their civil commitment as SVPs. *See Ballard v. Cuccinelli*, No. 3:10-cv-524, 2011 WL 1827866, at *2 (E.D. Va. May 12, 2011).

The judgment that recommitted Petitioner as a SVP was entered on June 9, 2021. (ECF No. 18-1, at 2.) That judgment became final thirty (30) days later, on July 9, 2021, when Petitioner failed to file an appeal.[2] *See* Va. Sup. Ct. R. 5:9(a) (requiring a petitioner to file a notice for appeal within thirty days of the entry of judgment); *Gonzalez v. Thaler*,

---

[2] *Givens v. Wilson*, No. 1:22-cv-943 (TSE/JFA), 2023 WL 2505488, at *4 (E.D. Va. Mar. 14, 2023) (commencing limitation period on date recommitment proceeding became final where petitioner's claims related to the recommitment proceedings).

565 U.S. 134, 137 (2012) ("[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking review expires.").

The limitation period ran for 262 days before Petitioner filed his state petition for a writ of habeas corpus on March 29, 2022. *See* 28 U.S.C. § 2244(d)(2); (ECF No. 18-8, at 1.) The limitation period began running again on November 19, 2022, the day after the Supreme Court of Virginia dismissed Petitioner's state petition for a writ of habeas corpus. (ECF No. 18-8 at 1–2.) The limitation period ran for another for another 226 days before Petitioner filed his § 2254 Petition. Thus, the one-year statute of limitations bars the § 2254 Petition unless Petitioner demonstrates that a belated commencement of the limitation period, or some equitable exception, renders the § 2254 Petition timely.[3] As explained below, although Petitioner is entitled to a belated commencement of the limitation period for Claim One (c), even with a belated commencement, the § 2254 Petition remains untimely.

In Claim One (c), Petitioner faults counsel for failing to file an appeal as directed. The pertinent provision provides for a belated commencement of the limitation period until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

---

[3] The Supreme Court has recognized actual innocence as a basis for overcoming the expiration of the statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (explaining that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations"). Petitioner, however, fails to direct the Court to any new, reliable evidence suggesting he is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Whether a petitioner has exercised due diligence is a fact-specific inquiry unique to each case. *Wims v. United States*, 225 F.3d 186, 190–91 (2d Cir. 2000). A petitioner bears the burden to prove that he or she exercised due diligence. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006). "Due diligence . . . does not require [an individual] to undertake repeated exercises in futility or to exhaust every imaginable option." *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (quoting *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)). Due diligence, however, "at least require[s] that [an individual] make *reasonable* efforts to discover the facts supporting his claims." *Id.* (citation omitted). Moreover, in evaluating a petitioner's diligence, the Court must be mindful that the "statute's clear policy calls for promptness." *Johnson v. United States*, 544 U.S. 295, 311 (2005).

Counsel's failure to pursue an appeal was discoverable as of July 10, 2021, when the failure to note an appeal was discoverable from review of the public record. *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003); *see Green v. Johnson*, 515 F.3d 290, 305 (4th Cir. 2008); (ECF No. 18-1, at 1–2). Although Petitioner could have discovered his counsel's failure to pursue an appeal as of that date, "to require that he do so ignores the reality of [detention] and imposes an unreasonable burden on [civil detainees] seeking to appeal." *Granger v. Hurt*, 90 F. App'x 97, 100 (6th Cir. 2004) (citing *Wims*, 225 F.3d at 190 n.4). While no "magic number" exists for the time afforded a reasonable prisoner to discover an appeal has not been pursued, a petitioner must offer some evidence that he acted with due diligence. *See Ryan v. United States*, 657 F.3d 604, 607–08 (7th Cir. 2011) (finding that "a reasonable prisoner may take at least two months . . . to suspect

6

that counsel has dropped the ball, contact counsel or the court, wait for a response, and verify the suspicion"); *Granger*, 90 F. App'x at 100 (finding petitioner acted with due diligence when two-month delayed discovery claim was supported by dated letter from his attorney and various state court filings seeking to perfect direct appeal).

Here, Petitioner previously filed with this Court an earlier 28 U.S.C. § 2254 petition challenging his 2021 civil detention proceedings. *Cummins v. Land*, 3:21-cv-555, (E.D. Va. filed Aug. 25, 2021), ECF No. 1. In that petition, Petitioner states:

> I asked my attorney repeatedly to appeal this decision, however to my knowledge he has not done so (see attached exhibits from VA Court of Appeals and VA Supreme Court). I have not been able to make contact with him since April 2021. I have called and wrote him many times about this matter to no avail. To my knowledge, it is legally too late for me to appeal this decision now anyway.

*Id.* at 4. Petitioner executed that petition on August 12, 2021. *Id.* at 8. Therefore, at the latest, acting with due diligence, Petitioner could have discovered, or in fact did discover, that his counsel failed to note an appeal, by August 12, 2021. *Cf. El-Abdu'llah v. Dir., Va. Dep't of Corr.*, No. 3:07-cv-494, 2008 WL 2329714, at *2 (E.D. Va. June 4, 2008) ("[W]hen counsel's communications or lack thereof indicate that something is amiss with a petitioner's appeal, due diligence requires the petitioner to act on that information." (citing *Shelton v. Ray*, No. 7:05-cv-00271, 2005 WL 1703099, at *2 (W.D. Va. July 20, 2005); *Gonzalez-Ramos v. United States*, Nos. 05 Civ. 3974 & 99 Cr. 1112(LAP), 2007 WL 1288634, at *8 (S.D.N.Y. May 2, 2007))). Therefore, the Court concludes that Petitioner is entitled to a belated commencement of the limitation period for his § 2254 Petition until, at the latest, August 12, 2021.

The limitation period then commenced the following day and ran for 228 days until March 29, 2022, when Petitioner filed his state petition for a writ of habeas corpus with the Supreme Court of Virginia. *See* 28 U.S.C. § 2244(d)(2). The limitation began running again on November 19, 2022, the day after the Supreme Court of Virginia dismissed Petitioner's state petition for a writ of habeas corpus. (ECF No. 18-8 at 1–2.) The limitation period ran for another for another 226 days before Petitioner filed his § 2254 Petition. Because the limitation period ran for well over a year, the § 2254 Petition is barred by the statute of limitations.

### III. Conclusion

For the reasons set forth above, the § 2254 Petition will be denied. The action will be dismissed. A certificate of appealability will be denied.

An appropriate Order shall accompany this Memorandum Opinion.

_____/s/_____
Henry E. Hudson
Senior United States District Judge

Date: March 11, 2025
Richmond, Virginia